(8 Misc. Rep. 253.)

## BRENDON v. WORLEY.

(Common Pleas of New York City and County, General Term. May 7, 1894.)

1. ASSOCIATIONS—BY-LAWS—CONSTRUCTION.
    A by-law which provides for the election of a physician, to remain in office "during the pleasure of" the association, authorizes a dismissal of such physician at a regular meeting of the association, there being no provision in the constitution or by-laws requiring dismissal to be made at a special meeting.

2. SAME—OPINION OF OFFICERS.
    Where the by-laws of an association are free from ambiguity, the opinion of the officers as to the meaning thereof is not admissible.

Appeal from first district court.

Action by Edwin V. Brendon against George S. Worley, as president of Nelson Lodge, No. 64, Order of Sons of St. George, for services rendered by plaintiff as physician. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before BISCHOFF and PRYOR, JJ.

William R. Wilder, for appellant.

Morris Putnam Stevens, for respondent.

BISCHOFF, J. Plaintiff, a member of Nelson Lodge, No. 64, Order of Sons of St. George, was elected its physician, pursuant to a provision of the by-laws of the lodge, as follows: "A legally qualified physician, who shall be an Englishman, shall be elected, and remain in office during the pleasure of the lodge." The compensation was payable quarter-yearly. At a stated or regular meeting of the lodge held on November 28, 1892, upwards of 30 qualified members being present thereat, it was resolved, by a majority vote, that plaintiff's employment should be discontinued from thenceforth. This action was brought to recover compensation as such physician, and it was conceded that every part of the compensation claimed had accrued, if at all, subsequently to the adoption of the resolution above alluded to, and notice thereof to plaintiff. On the trial, plaintiff contended that his dismissal at a regular meeting was unauthorized, and that such dismissal could be effected only at a special meeting called for that purpose. Upon his successful issue from that contention, plaintiff's right to recover in this action was dependent. No ambiguity was apparent from the by-law under which plaintiff's election was made; the words "during the pleasure of the lodge" plainly having no other signifi-

cance than that plaintiff's continuance as physician should, at all times, be at the will of the lodge, and that upon the refusal of the lodge to continue the employment the latter should cease. Elsewhere, the constitution and by-laws of the lodge provided that "seven valid votes or ballots shall be required to determine any election, motion, or question before the lodge; but a majority of the valid votes cast shall decide all elections, motions, or questions not otherwise provided for." No provision was made for the removal of the physician of the lodge at a special meeting, or one called for that purpose, nor was there anything inconsistent with the right of the lodge to discontinue its employment of the physician at a regular or stated meeting. It was conceded that upwards of 30 qualified members were present at the meeting of November 28, 1892, and that a majority of the members present voted for the adoption of the resolution. The lodge therefore expressed its will in the premises as provided for by its by-laws. Hence, with the adoption of the resolution for plaintiff's dismissal, and notice thereof to him, his employment must be deemed to have come to an end.

The trial justice, against the protest of defendant's counsel, admitted evidence tending to show that it was the opinion of some of the officers of the supreme and grand lodges, to which Nelson Lodge was subordinate, that the physician was removable only at a meeting specially called for that purpose. This evidence was improperly admitted. Obviously, its sole office was to add to the by-laws,—not to interpret them. No ambiguity was apparent with reference to the by-laws in evidence. Their meaning was clear and precise. Granted, as respondent's counsel contends, that, in case of uncertainty in the meaning of a by-law, the opinions of officers and members of the association may be competent in aid of interpretation, the proposition is irrelevant to the facts. So far as the by-laws in evidence extend, they appear to be definite and certain, beyond dispute. They do not even remotely sustain an inference of the probability of an intention to subject the exercise of the right of the lodge to dismiss its physician to the requirement of a meeting specially called for the purpose. It may be that it would have been wiser to have so provided, but with that we are not concerned, for upon no proper theory of interpretation can the latter be made to supply an omission to express a particular intention. For error in the admission of the evidence alluded to, the judgment must be reversed; and as, upon the conceded facts, plaintiff is not entitled to recover, in any event, the complaint should be dismissed upon the merits, with costs of this appeal, and of the court below, to the appellant.

PRYOR, J. (concurring). By section 1, art. 30, of the by-laws of the lodge, its physician is to "remain in office during the pleasure of the lodge." The plaintiff was removed by a majority vote at a regular or stated meeting of the lodge; and the question is whether such vote at such meeting be an expression of the "pleasure of the lodge." None but an affirmative answer can be returned to the inquiry. The

time of the stated meetings of the lodge was appointed by the by-laws, and nothing in the record impeaches in any respect the regularity of the meeting in question.   But, "when a regular, stated time is fixed in the charter or by-laws, or by usage, for the election of officers or the transaction of business, it will be presumed that every member had notice.   *   *   *   The effect of a stated day is to dispense with the necessity of proving that notice of the meeting was given to absentees." 1 Wat. Corp. § 62.   The meeting was perfectly competent to dispose of the plaintiff, and has done so effectually.   Critically examined, the testimony of the so-called experts was not proof of a custom, but only evidence of opinion as to the meaning of the by-law.   The language of the by-law being perfectly plain, its construction was for the court, and not for the witnesses.   Wiggin v. Knights of Pythias, 31 Fed. 122, 124.   For these reasons, in addition to those presented in the opinion of Judge BISCHOFF, I concur in the reversal of the judgment.