(10 Misc. Rep. 746.)

THOMAS et al. v. SOCIETA ITALIANA DI MUTUO SOCCORSO.

(Common Pleas of New York City and County, General Term. January 7, 1895.)

MUTUAL AID SOCIETIES—FUNERAL EXPENSES OF MEMBERS.

The by-laws of a society stated its objects to be (1) to give its members financial relief in time of sickness; (2) legal protection in case of wrongs; and (4) funeral in case of death; and they also provided for a tax for funerals. *Held*, that the provision in regard to funerals required the society to pay the expenses, and did not mean merely that the members of the society should be called on to attend a member's burial.

Appeal from Sixth district court.

Action by John Thomas and others against the Societa Italiana di Mutuo Soccorso. From a judgment in favor of plaintiffs, rendered by the justice without a jury, defendant appeals.    Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

J. S. Galland, for appellant.
Joel M. Marx, for respondents.

BISCHOFF, J.    The plaintiffs, as personal representatives of one Di Miceli, a deceased member of the defendant society, sued for and recovered the sum of $49.90, by them expended for the funeral expenses of the decedent, it being claimed that by the terms of the defendant's by-laws it had agreed to provide a funeral for such deceased member, and which, upon demand, it had refused to do.    The sole question litigated upon the trial, and now presented, relates to the construction of the by-laws with regard to the defendant's undertaking to defray the expenses of a funeral for a deceased member in good standing, which this decedent was admitted to be.    According to the terms of these by-laws, the aim of the society was "mutual aid, protection, and moral and material support among its members. * * * To this end the society grants to each member (1) financial relief in case of sickness; (2) legal protection in case of wrongs; (3) relief in case of death of legitimate wife; (4) funeral in case of the event of death."    It is claimed by the appellant that the provi-

sion for a funeral intended merely that the members of the society should be called upon to attend the deceased member's burial, and that the society could be in no way called upon to defray the expenses of such funeral. This contention cannot prevail. The natural and accepted meaning of the phrase noted, and the sense in which only it could have reasonably been understood by the member (Nibl. Mut. Ben. Soc. § 15), would intend a promise to pay the expenses of his decent burial. The terms of the other by-laws, and of a certain receipt in evidence, admit only of an interpretation that the "funeral" to be provided involved a pecuniary benefit to the member's estate. Provision is made for a "tax for funerals," and the funeral is classed among the other substantial benefits to be derived from membership, and which, in case of certain defaults in payment of assessments, should be withheld. The fact that the by-laws also provide that notice be given to the members of the society upon the death of one of their number, in order that their attendance should be secured at the funeral of the deceased member, in no way presents any inconsistency with the other provisions noted. The terms of the agreement are clear, and no construction that the party accepting them, as consideration for the payments required, did so merely with the expectation of finally securing an impressive escort to possibly a pauper's grave, could reasonably obtain. While in some cases the opinions of officers of an association may be given for the purpose of construing technical, ambiguous, or uncertain terms of a by-law, the evidence offered in that regard in the present case was properly excluded, the by-laws being susceptible of definite construction without extraneous proof. Brendon v. Worley, 8 Misc. Rep. 253, 28 N. Y. Supp. 557. The judgment should be affirmed, with costs.