(63 Misc. Rep. 407.)

REBADOW et al. v. BUFFALO SAVINGS BANK.

(Supreme Court, Special Term, Erie County. May, 1909.)

1. PLEADING (§ 204*)—GENERAL DEMURRER TO COMPLAINT.
    Where a complaint separately states several causes of action, if any one of them is good, a general demurrer to the whole complaint must be overruled.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 486; Dec. Dig. § 204.*]

2. BANKS AND BANKING (§ 294*) — OFFICERS AND AGENTS — DURATION OF EMPLOYMENT.
    Where a by-law of a savings bank provides that "the attorney shall hold office at the pleasure of the trustees," the appointment of an attorney for one year is insufficient to constitute a contract of employment for that term, if the trustees see fit to sooner terminate the employment.
    [Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 294.*]

3. BANKS AND BANKING (§ 294*)—COMPENSATION OF ATTORNEY—"SALARY."
    The compensation of an attorney for a savings bank, consisting of various sums paid to the bank from time to time for the examination of the titles to securities of applicants for loans from the bank, is in no sense a "salary," as that word means "a fixed sum to be paid by the year or periodically for services."
    [Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 294.*
    For other definitions, see Words and Phrases, vol. 7, pp. 6287–6291; vol. 8, pp. 7792, 7793.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. BANKS AND BANKING (§ 295*)—ULTRA VIRES CONTRACT—ESTOPPEL TO AL-
    LEGE VALIDITY.

Even if a savings bank has no authority to pay an attorney for exami-
nation of titles to securities offered for loans, where the attorney employ-
ed for that purpose has performed the services, it cannot plead the in-
validity of his employment to avoid paying him.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 1153;
Dec. Dig. § 295.*]

Action by Adolph Rebadow and another against the Buffalo Sav-
ings Bank. Heard on demurrer to the complaint. Demurrer over-
ruled.

Bartlett & Chamberlain, for plaintiffs.
Dewitt Clinton, for defendant.

POUND, J. The complaint separately states and numbers three
alleged causes of action. The demurrer is to the complaint as a whole,
on the ground that it does not state facts sufficient to constitute a
cause of action, and if the complaint well and sufficiently states any
cause of action the demurrer must be overruled. Wheeler v. Connec-
ticut Mut. Life Ins. Co., 82 N. Y. 555, 37 Am. Rep. 594.

The action is brought to recover certain fees alleged to be due to
the surviving members of the former partnership of Marshall, Re-
badow & Thomas, attorneys at law, for the services of the late Charles
D. Marshall, a member of the firm, as attorney for the defendant, and
by reason of an alleged wrongful discharge of said Marshall from
his employment as such attorney before the expiration of the term
of his employment, and for an accounting. The complaint alleges that
the by-laws of defendant provide that the trustees at their annual
meeting in February should appoint an attorney, who should hold of-
fice at the pleasure of the trustees and be paid a salary to be fixed
by the board, which should be reimbursed to the bank from charges
to be made borrowers for examining titles; that said by-laws further
provide that it should be the duty of the president of the defendant to
fix the amount to be paid by borrowers for the examination of titles
to property, having in view the repayment to the bank of the salary
of the attorney; that on or about February 4, 1906, Mr. Marshall
was duly appointed attorney of the defendant for one year from that
date, and that his compensation for such services as he might per-
form for the defendant during that period was fixed by the trustees
as the charges fixed by the president of the defendant to borrowers
for examinations of titles to property offered as security; that Mr.
Marshall performed all the duties of attorney until about August 1,
1906, when he was wrongfully discharged.

The first cause of action pleaded is for $315 for charges fixed by
the president for examination of titles actually examined by Mr. Mar-
shall as attorney for the bank prior to August 1, 1906. The second
cause of action pleaded is for $315 as the reasonable value of the
same services of Mr. Marshall in examining the same titles referred
to in the first cause of action pleaded. The defendant demurs to these
causes of action on the ground that the banking law (Laws 1892, p.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

1898, c. 689, § 120) provides that, when the trustees of a savings bank make loans, "all the expenses of the searches, examinations and certificates of titles shall be paid by the borrower," and that if the defendant has received any money for such examination the defendant holds the money in trust, and plaintiffs' action should be for money had and received.

The third cause of action alleged is for the fees for the examination of titles from and-after Mr. Marshall's alleged wrongful discharge, on or about August 1, 1906, to the end of the year of his employment, which services it is alleged Mr. Marshall had the right to perform, and for which the defendant became indebted to plaintiff in the amount of the fees fixed by the bank therefor. This third alleged cause of action is demurred to on the ground that it appears on the face of the complaint that the defendant had the right to remove the attorney at any time.

Plaintiffs contend that the words in the by-law, "the attorney shall hold office at the pleasure of the trustees," should be construed as meaning that the attorney shall hold office "for a term to be fixed by the trustees at their pleasure"; that, having once exercised their choice or pleasure by fixing the term of the attorney at one year, they could not "at pleasure" terminate his employment during that period: and that Mr. Marshall was therefore legally employed for a fixed period of time, and plaintiffs may recover for his wrongful discharge.

It is conceded that the action of the trustees in appointing an attorney for a fixed term, if not authorized by the by-laws, is ineffectual either to create an office or a contract. Mr. Marshall dealt with the defendant with full knowledge and notice of this by-law, and is bound thereby. The language is too plain to permit the court to boggle at it. The attorney is not holding office "at the pleasure of the trustees," when it is their pleasure that he should not hold the office. The action of the trustees merely fixes a maximum term. Read in connection with the by-law, the meaning is that the attorney shall hold office at the will or desire of the trustees, but not longer than one year. Brendon v. Worley, 8 Misc. Rep. 253, 28 N. Y. Supp. 557. The facts stated in plaintiff's third cause of action are insufficient to impose legal liability upon the defendant.

The first and second causes of action are sufficiently pleaded. A salary is a fixed sum to be paid by the year or periodically for services. Burrill's Law Dictionary. The complaint contains no allegation of any fixed salary to be paid to the attorney. It appears, rather, on the face of the complaint that no such salary was fixed, but that the compensation of the attorney consisted of the various sums to be paid from time to time to the bank by applicants for loans from the bank for the examination of their titles. This was contingent, shifting, and in no proper sense a salary. But the complaint alleges in the first count that Mr. Marshall fully performed the services of attorney for the agreed compensation, and that the defendant refuses to pay the same, and in the second count that the reasonable value of the services rendered is the same as the agreed compensation.

Assume that it is ultra vires the bank to pay for the examination

of titles, or that the complaint can be read as alleging an ultra vires contract, defendant has received the full benefit of the attorney's services, and it cannot plead the invalidity of the contract to defeat the other party. Appleton v. Bank, 190 N. Y. 417, 83 N. E. 470.

As the complaint states facts sufficient to constitute two causes of action, the demurrer is overruled, with leave to defendant to serve an amended demurrer or to answer, on payment of costs of demurrer.